## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO

**MEIKO RENEE BERLACK**                                                                 **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 4:11CV-P31-M**

**OFFICER J. MARTIN, BADGE NO. 181**                                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Plaintiff Meiko Renee Berlack is a pretrial detainee at the Daviess County Detention Center. She filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Owensboro Police Officer J. Martin, Badge No. 181. Plaintiff recounts an incident occurring on December 20, 2010, while she was in a pretrial conference room with her attorney at a courthouse. Plaintiff alleges that Defendant Martin entered the conference room and advised that he believed there was an "indictment warrant" on Plaintiff. Plaintiff and her attorney advised that they were aware of it; asked if Defendant Martin had the warrant in hand; and when he answered in the negative, they asked him to leave. Defendant Martin, however, refused, and eventually took Plaintiff to jail, where she was offered 15 years and was not allowed to see her attorney. As relief, Plaintiff seeks $150,000 bond money; to be sent to "rehab"; and for Defendant to be fired.

This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, when a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

Plaintiff sues Defendant Martin in his official capacity only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official capacity claims against Defendant Martin, therefore, are actually against the City of Owensboro. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889

2

(6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that Defendant Martin acted pursuant to a county policy or custom in causing her alleged harm. Rather, Plaintiff's plaint appears to be an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Nothing in the complaint demonstrates that Defendant's actions occurred as a result of a policy or custom implemented or endorsed by the City of Owensboro. Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim.

The Court will enter a separate Order dismissing this action.

The Court notes that in the complaint Plaintiff asks "what and where is 28 U.S.C. §§ 2241, 2254, and 2255." Under § 2254, a person may file a petition for writ of habeas corpus challenging a state-court conviction or sentence on federal constitutional grounds, and under § 2255, a person may file a motion to vacate, correct, or set aside her federal sentence as being in

violation of federal law. A § 2241 petition for writ of habeas corpus is applicable in instances where §§ 2254 and 2255 are unavailable. **The Clerk of Court is DIRECTED to send Plaintiff the instructions and forms used for filing §§ 2254 and 2255 actions.** The Court does not have a form for filing a § 2241 petition.

Date:


cc: Plaintiff, *pro se*
 Defendant
 Owensboro City Attorney
4414.005